UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| PHILIP REED LIVELY | : | No. 20-33024 |
| | : | |
| *Debtor* | : | CONTESTED MATTER |
| _____ | : | |

## OBJECTION OF CORNERSTONE CONSTRUCTION
## TO SUMMARY PLAN CONFIRMATION

**NOW COMES** Greg Webb d/b/a Cornerstone Construction (hereinafter "Cornerstone" or "Objector") and files this Objection to Summary Plan Confirmation, and avers as follows:

### I.     JURISDICTION AND PARTIES

1.     This matter falls under this Court's jurisdiction under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). This matter is designated as a contested matter under Federal Bankruptcy Rule 9014.

2.     Philip Reed Lively (hereinafter "Debtor" or "Respondent") has been served with a copy of this Objection under Federal Bankruptcy Rule 7004(b)(9). Debtor's counsel has also been served with a copy of this Objection and Motion at the address of record.

### II.     INTRODUCTION

3.     Cornerstone is a secured creditor of Debtor under Article 16, Section 37 of the Texas Constitution for labor and materials it provided, and improvements it made, to Debtor's property located at 1803 Woods Estates Dr., Kingwood, Texas 77339 (the "Property") during 2017-2018.

4.     Cornerstone and the Debtor entered into a contract whereby Cornerstone undertook to remediate, repair, renovate and upgrade the Debtor's Property in exchange for payment by the

1

Debtor in the amount of USD 250,279.59. In this regard, on or about September 29, 2017, Cornerstone and the Debtor met in person to set forth the scope of the labor and materials Debtor required, and to agree upon the price for said labor and materials. A true and correct copy of a signed document setting forth the scope of the work and agreed upon price is attached hereto as EXHIBIT A.

5. On or about October 4, 2017, the parties entered into AIA Document A105-2007 to further memorialize the scope of the project and the September 29, 2017 document. A copy of the AIA document is hereto attached as EXHIBIT B. It is respectfully noted that Cornerstone has been unable to locate a signed copy of the AIA document provided in EXHIBIT B, however, the Debtor has extensively referred to the AIA document between the parties in subsequent writings to Cornerstone, and has counter-sued Cornerstone on the AIA document prepetition.

6. Throughout the course and scope of the Project, the Debtor requested numerous additional improvements to the Property outside the scope of the initial contract, the terms of which were explicitly agreed upon by the parties, *i.e.* the additional improvements would cost extra. The final amount of labor and materials Debtor was obligated to pay to Cornerstone totaled USD 264,801.22. See EXHIBIT C attached hereto.

7. Debtor was only able to make payments to Cornerstone totaling USD 185,000.00, leaving an unpaid balance of USD 79,801.22. Despite numerous demands for payment, Debtor neglected, failed and/or otherwise refused to tender the amount due and owing to Cornerstone. See EXHIBIT D attached hereto.

8. Accordingly, on or about June 18, 2019, Cornerstone filed suit against Debtor in the Harris County 270th District Court seeking to foreclose its constitutional mechanic's lien on the Property. The now stayed prepetition litigation is styled *Greg Webb d/b/a Cornerstone*

*Construction, Cause No. 2019-41974, 270th Judicial District Court, Harris County.* (hereinafter the "State Court Action") and was being actively litigated by Cornerstone and the Debtor for over one (1) year until Debtor sought bankruptcy protection from this Court.

9. Cornerstone provided constructive notice of its constitutional mechanic's lien under Article 16, Section 37 of the Texas Constitution by filing a lis pendens with the Harris County Real Property Records on August 26, 2019.

10. Debtor strongly opposed the State Court Action claiming that the Property was his homestead and that, *inter alia,* Cornerstone did not meet the requirements of Article 16, Section 50 of the Texas Constitution to claim a constitutional mechanic's lien under Article 16, Section 37. On or about September 26, 2019, Debtor asserted the following counterclaims in the State Court Action against Cornerstone: 1) breach of contract; 2) breach of implied warranty; 3) and misrepresentation/fraud.

11. It should be noted that from at least the time the agreement between the parties was consummated, Debtor did not occupy the Property as his principal residence. To the extent the Property was ever Debtor's principal residence, Debtor has not returned to the Property to live in it as his principal residence, and Debtor has no intention of ever returning to the Property to occupy it as his principal residence. Indeed, Debtor resides at a different residential address full time, leaving the Property empty and vacant since 2017.

12. Debtor next moved in the State Court Action to have Cornerstone's lis pendens canceled on the basis that Cornerstone's lien was improper and because Debtor wished to sell the Property. The Judge in the State Court Action ordered the lis pendens to be canceled upon the posting of a surety bond by Debtor in the amount of $62,500 to partially secure Cornerstone's claim. A copy of the order dated April 7, 2020 is attached hereto as EXHIBIT E.

13. Debtor refused, neglected and/or otherwise failed to post a surety bond in the State Court Action. Instead, Debtor sought bankruptcy protection from this Court under Chapter 13 on June 12, 2020, from what appears to be a last-ditch effort at defeating Cornerstone's claim. Because the State Court Action has been stayed, there has been no disposition on the merits to date.

14. Cornerstone's constitutional mechanic's lien under Article 16, Section 37 of the Texas Constitution arose prepetition against the Property.

15. Cornerstone filed its Proof of Claim with the Court on August 13, 2020.

### III.   OBJECTIONS

16. Cornerstone objects to confirmation of Debtor's proposed Chapter 13 bankruptcy plan because it does not comply with 11 U.S.C. § 1325(a). More specifically, Cornerstone objects as follows:

   i.   Debtor's plan fails to fully provide for Cornerstone's claim of USD 79,801.22.

   ii.  Debtor's plan has not been proposed in good faith as Debtor proposes to pay every other secured creditor direct except Cornerstone, and it does not provide for any payments to Cornerstone through the Trustee or otherwise.

   ii.  Debtor's plan fails to provide for the retention of Cornerstone's lien on the Property.

   iii. Debtor's plan improperly classifies Cornerstone's allowed secured claim as a general unsecured claim.

   iv.  Debtor's plan improperly classifies the property located at 1803 Woods Estates Dr. as his "principal residence." Specifically, Cornerstone objects to Debtor's homestead exemption claimed on Schedule C of his Chapter 13 Plan.

   v.   Based on Debtor's Chapter 13 Plan Summary, Schedules, and other Pleadings on file with this Court, Debtor is not capable of funding a confirmable Plan and will not be able to make all payments that will come due under the Plan. Therefore, the Plan is not feasible.

    *vi.*    Based upon the documents on file with the Court, the Plan is not feasible as Debtor does not have sufficient disposable income to fund a confirmable plan.

## IV.   CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Cornerstone respectfully prays that this Court sustain its Objections; that it deny confirmation of Debtor's Chapter 13 plan as proposed; and for such other and further relief that it may be entitled to at law or in equity.

          Respectfully submitted,

By:   GAITAS & CHALOS, P.C.

/s/Jonathan M. Chalos
Jonathan M. Chalos
State Bar No. 24097482
Federal Bar No. 3008683
1908 N. Memorial Way
Houston, Texas 77007
Telephone: 281-501-1800
Fax: 832-962-8178
E-mail:chalos@gkclaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 14, 2020, a true and correct copy of the foregoing Objection to Confirmation of Debtor(s) Chapter 13 Plan was served via electronic means on the Court's cm/ECF noticing system or by regular first class mail to the parties listed on the attached list.

      /s/Jonathan M. Chalos
      Jonathan M. Chalos

**BY ELECTRONIC NOTICE OR REGULAR FIRST-CLASS MAIL:**

PHILIP REED LIVELY
24109 KINGWOOD PLACE DR., #3108
KINGWOOD, TX 77339

ELOISE A. GUZMAN
8225 GULF FREEWAY
HOUSTON, TX 77017

WILLIAM E. HEITKAMP
9821 KATY FREEWAY
STE 590
HOUSTON, TX 77024