UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| PHILIP REED LIVELY | : | No. 20-33024 |
| | : | |
| *Debtor* | : | CONTESTED MATTER |
| _____ | : | |

**MOTION FOR RELIEF TO LIFT STAY TO MAINTAIN LIS PENDENS AND LITIGATE STATE COURT CLAIMS**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A WRITTEN RESPONSE AND SEND A COPY TO MOVANT NOT LATER THAN SEVEN (7) DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

**THERE WILL BE A HEARING ON THIS MOTION ON SEPTEMBER 9, 2020 AT 9:30 AM IN COURTROOM 403, 515 RUSK, HOUSTON, TX, 77002.**

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Greg Webb d/b/a Cornerstone Construction (hereinafter "Cornerstone" or "Movant") and files this motion for relief from the automatic stay (hereinafter "Motion") so that Cornerstone may maintain its lis pendens and prosecute its state law claims against Debtor Philip Reed Lively (hereinafter "Debtor"). Movant's request is limited to: 1) maintaining its lis pendens during the pendency of its state court action against Debtor and/or this bankruptcy proceeding; and 2) to obtain a final judgment on the merits of Cornerstone's state law claims that were set for trial in the Harris County District Court prior to Debtor's Chapter 13 Petition. In support of its request, Movant avers as follows:

1

## I. JURISDICTION AND PARTIES

1. Movant's request is made pursuant to 11 USC § 362, Bankruptcy Rule 9014 and Local Bankruptcy Rules of the United States District Court, Southern District of Texas. Fed. R. Bankr. P. 9014.

2. Philip Reed Lively has been served with a copy of this Motion under Federal Bankruptcy Rule 7004(b)(9). Debtor's counsel has also been served with a copy of this Motion at the address of record.

## II. FACTUAL BACKGROUND

3. On or about September 29, 2017, Cornerstone and the Debtor entered into a contract whereby Cornerstone undertook to remediate, repair, renovate and upgrade the Debtor's property located at 1803 Woods Estates Dr., Kingwood, Texas 77339 (the "Property") in exchange for payment by the Debtor in the amount of USD 250,279.59. Upon completion of the repairs, renovations and upgrades, which included: a brand new chef's kitchen with top of the line appliances, luxury bathrooms, high-end finishes throughout, along with all updated plumbing, electrical, HVAC systems, exterior siding, interior drywall, etc., the final amount due and owing to Cornerstone totaled USD 264,801.22, which included all reductions, change orders and additional labor and/or materials.

4. Debtor was only able to make payments to Cornerstone totaling USD 185,000.00, leaving an unpaid balance of USD 79,801.22. Initially, Debtor agreed to pay the outstanding balance in full as soon as possible. However, Debtor neglected, failed and/or otherwise refused to tender the amount due and owing to Cornerstone.

5. Accordingly, after many attempts to settle its claims with Debtor and mitigate its damages, on or about June 18, 2019, Cornerstone filed suit against Debtor in the Harris County

270th District Court due to Debtor's breach of the contract between the parties. Additionally, Cornerstone claimed its interest in Debtor's property and asserted its constitutional mechanic's lien interest in the Property. The now stayed prepetition litigation is styled *Greg Webb d/b/a Cornerstone Construction v. Philip R. Lively, Cause No. 2019-41974, 270th Judicial District Court, Harris County* (hereinafter the "State Court Action"). *See* a true and correct copy of Cornerstone's Amended Petition and Exhibits 1-6 attached hereto as EXHIBIT A.

6. Shortly after suit was filed in the State Court Action, the Debtor hired his son-in-law as his realtor and listed the Property for sale for $385,000.00. *Id.* at Exhibit 6. To protect its interest in the Property, Cornerstone filed a lis pendens with the Harris County Real Property Records to provide the world constructive notice that it was claiming its constitutional mechanic's lien interest in Debtor's Property. *See* a true and correct copy of Cornerstone's lis pendens attached hereto as EXHIBIT B.

7. Debtor attempted to dispose of the Property in a purported arm's length transaction to a third party, however, the title company handling the property transaction for Debtor declined to insure a title policy with outstanding claims pending against the Debtor and Debtor's Property for unpaid labor and materials.

8. Debtor hired legal counsel and strongly opposed the State Court Action claiming that Cornerstone's constitutional mechanic's lien was invalid because the Property was his homestead and that, *inter alia,* Cornerstone did not meet the requirements of Article 16, Section 50 of the Texas Constitution to claim a constitutional mechanic's lien under Article 16, Section 37. Debtor also asserted unsupported claims of defective repairs. Accordingly, on or about September 26, 2019, Debtor asserted the following counterclaims in the State Court Action against Cornerstone: 1) breach of contract; 2) breach of implied warranty; 3) misrepresentation/fraud; and

sought a declaratory judgment against Cornerstone. *See* a true and correct copy of Debtor's First Amended Answer, Affirmative Defenses, and Counter Claims hereto attached as EXHIBIT C.

9. Thereafter, the parties to the State Court Action engaged in extensive discovery, including numerous property inspections, exchanging disclosures, exchanging written discovery and making numerous document productions. Furthermore, the Debtor designated three (3) expert witnesses and Cornerstone designated two (2) expert witnesses. Cornerstone's expert witness on Debtor's alleged damages inspected the Property, and two (2) of Debtor's expert witnesses purportedly inspected the Property. Lastly, Cornerstone took Debtor's deposition.

10. Debtor next filed a summary motion in the State Court Action, titled Defendant's Amended Summary Motion to Remove Invalid or Unenforceable Lien, in an attempt to have Cornerstone's lis pendens removed on the basis that its constitutional mechanic's lien was invalid. *See* Debtor's Amended Summary Motion to Remove Invalid Lien or Unenforceable Lien and Exhibits A-E attached hereto as EXHIBIT D.

11. Cornerstone strongly opposed Debtor's summary motion. *See* Cornerstone's Response in Opposition to Defendant's Amended Summary Motion to Remove Lien and Exhibits A-E attached hereto as EXHIBIT E.

12. After considering the parties' pleadings, evidence and hearing oral arguments of counsel, on April 7, 2020, the Judge declined to remove the lis pendens and declare the lien invalid without Debtor first posting a surety bond in the amount of $62,500 to secure Cornerstone's claim. The Court found merit to Cornerstone's allegations, and in order to allow the Debtor to sell the Property during the pendency of the litigation, the Court ordered that Debtor secure Cornerstone's claim in the form of a surety bond to protect its interests. The Court ordered that upon Debtor's posting of the surety bond to secure Cornerstone's claim, Debtor's summary motion would be

granted. *See* Order of Judge Davis order granting removal of lien conditioned on the posting of a surety bond attached hereto as EXHIBIT F.

13. Debtor failed, refused, and/or neglected to post a surety bond in the State Court Action. Instead, Debtor opted to file a Voluntary Chapter 13 Bankruptcy Petition on June 12, 2020. *See* Doc. 1. As a result, the State Court Action was stayed.

14. As Debtor was unsuccessful in defeating Cornerstone's claim in the State Court Action with his summary motion, he is now taking a proverbial second bite at the apple by attempting to classify Cornerstone as an unsecured creditor in this proceeding. *See* Doc. 28, ¶ 8.

15. Before Debtor filed for bankruptcy protection, all there was left to do in the State Court Action was to exchange pre-trial materials and to have a trial on the merits.

16. Given Debtor's challenges to Cornerstone's status as a secured creditor in his Chapter 13 petition, it is respectfully submitted that an adjudication of Cornerstone's claim in the State Court Action is necessary to determine the rights of the Debtor and creditors before Debtor's Bankruptcy Plan can be confirmed. Therefore, in the interest of judicial efficiency, and to streamline any potential issues before this Court, Cornerstone respectfully requests the Court to lift the automatic stay for the limited purposes of: 1) allowing the parties to finish litigating the State Court Action to finality before any confirmation of the Debtor's bankruptcy plan; and 2) allowing Cornerstone to maintain its lis pedens in the Harris County Real Property Records until the dispute between the parties is adjudicated.

17. Allowing the parties to conclude the State Court Action will obviate the need to cover the same ground in an adversary proceeding in the Bankruptcy court that has already been covered in the State Court. The State Court is intimately familiar with the dispute between the parties.

18. Cornerstone has filed its Proof of Claim, objected to the confirmation of Debtor's Chapter 13 Plan, objected to the designation of the Property as Debtor's principal residence, and now brings this Motion for Relief from the Stay.

### III.     ARGUMENTS AND AUTHORITIES

19. When a petition for bankruptcy is filed, all non-bankruptcy proceedings are automatically stayed per section 362 of the Bankruptcy Code. *In Re Coho Resources, Inc.* 345 F.3d 338, 343-44 (5th Cir. 2003).

20. If the stay is violated, the violations are considered "voidable and are subject to discretionary cure." *Id.* Moreover, Section 362 of the Bankruptcy Code states when cause exists the Court "shall" grant relief from the automatic stay[1]. Cause is established through the Court's consideration of the following factors: 1) the estate or debtor will not suffer "great prejudice" due to the non-bankruptcy court proceedings; and 2) the "hardship" suffered by Plaintiff is greater than the "hardship" of the debtor if the stay is modified. *In Re Fowler*, 259 B.R. 856, 860 (Bankr. E.D. Tex. 2001) (citing *Matter of McGraw*, 18 B.R. 140 (Bankr. W.D. Wis. 1982), "(a) No 'great prejudice' to either the bankruptcy estate or the debtor must result from the continuance of the civil action, and (b) the hardship to plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay.")

21. Here, Debtor will not suffer "great prejudice" due to the non-bankruptcy court proceedings. To the contrary, having the State Court adjudicate Cornerstone's claims against Debtor makes the most sense - and will be the most efficient option for Debtor - because the State Court is intimately familiar with the dispute between the parties and the litigation is ready for a

---

[1] 11 USC § 362(d)(1) "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…for cause…".

trial on the merits. In this regard, because Debtor disputes Cornerstone's status as a secured creditor in his Chapter 13 Petition (as well as in the State Court Action), the dispute between the parties will either need to be dealt with by the State Court or through an adversary proceeding in this Court, before Debtor's plan can be confirmed under Debtor's current proposal. Given the State Court Action has been pending for over one (1) year and is trial ready, Debtor would not need to incur much additional costs, if any, to have the State Court efficiently adjudicate the merits of the parties' dispute. It is respectfully submitted that Debtor should be ready to go with his State Court claims and/or defenses as he is represented by able counsel in the State Court Action that has been involved with this dispute since November 2018.

22. Cornerstone, on the other hand, will sustain hardship greater than any hardship imposed on the Debtor if the stay remains in effect. That is, Cornerstone will be forced to incur substantial additional fees, costs and time to institute an adversary proceeding against the Debtor and will be forced to multiply and expand the prepetition litigation. Cornerstone may also be forced to relitigate issues that have already been presented and decided by the State Court, which would incur additional unnecessary costs. Such a proposition is a waste of resources and time. In this regard, an adversary proceeding would be more beneficial to the Debtor than to Cornerstone.

23. Debtor is also receiving the benefit of all the labor and materials Cornerstone furnished to Debtor's golf-course situated property, which Debtor proposes to use to pay other secured creditors, while at the same time refusing to pay Cornerstone for its labor and materials and challenging its status as a secured creditor. Debtor alleges the Property is worth $390k[2] in its current condition and proposes to pay every other secured creditor with an interest in the Property with proceeds from a sale of the Property except for Cornerstone. As part of Debtor's proposed

---

[2] Debtor listed the Property for sale for $385,000.00 and attempted to dispose of the Property in a purported arm's length transaction in September 2019 for $335,000.00.

7

plan, he will not make any payments to any secured creditors over the next twelve (12) months, will list the Property for sale within the next year to pay off the creditors Debtor claims have a secured interest in the Property, and will extract the remaining equity he has in the Property for himself, approximately $102k by Debtor's calculations, all while having Cornerstone's claim discharged through this bankruptcy as an unsecured creditor for pennies on the dollar. *See* Doc. 28, ¶ 29. It should be noted that Debtor proposes to pay Cornerstone 0.00 through the bankruptcy. *See* Doc. 28, Exhibit A. Such a plan will all but ensure that Cornerstone's secured interest in the Property will be lost and it will suffer a greater financial hardship than it has already suffered due to Debtor's refusal to pay for the labor and materials it was obligated to pay for and accepted.

24. Without Cornerstone's labor and materials, the Property would barely secure the mortgagor's interest in the Property, approximately $250k, and Debtor's Chapter 13 plan would be untenable as the remaining secured creditors would likely be under-secured. In sum, Debtor would not be able to afford his bankruptcy without all of the renovations and upgrades Cornerstone made to the Property. To allow Debtor to get something for nothing, and for all of the other secured creditors to benefit from Cornerstone's materials and sweat equity at the expense of Cornerstone, places an undue hardship on Cornerstone and is manifestly unjust.

## V.   CONCLUSION

25. Cornerstone seeks relief from the stay to maintain its lis pendens in the Harris County Real Property Records and to obtain a determination on the merits of its claim against Debtor in the State Court Action so that Cornerstone's interest in the Property is protected and so that Debtor's plan can appropriately be dealt with by this Court. Cornerstone does not seek a modification of the stay to institute and/or continue its foreclosure proceedings against Debtor's property.

**WHEREFORE, PREMISES CONSIDERED,** Cornerstone respectfully prays that this Court lift the stay so the parties can finish litigating their claims in the state court, to allow Cornerstone to maintain its lis pendens filed in the Harris County Real Property Records until Cornerstone's claims are adjudicated, and for such other and further relief that it may be entitled to at law or in equity.

Respectfully submitted,

By:   GAITAS & CHALOS, P.C.

/s/Jonathan M. Chalos
Jonathan M. Chalos
State Bar No. 24097482
Federal Bar No. 3008683
1908 N. Memorial Way
Houston, Texas 77007
Telephone: 281-501-1800
Fax: 832-962-8178
E-mail:chalos@gkclaw.com

**CERTIFICATE OF CONFERENCE**

I hereby certify that on August 18, 2020, I met and conferred with Debtor's counsel regarding this Motion. Debtor's counsel indicated that Debtor is OPPOSED.

/s/Jonathan M. Chalos
Jonathan M. Chalos

**CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2020, a true and correct copy of the foregoing Objection to Debtor's Homestead Exemption was served via electronic means on the Court's cm/ECF noticing system or by regular first class mail to the parties listed on the attached list.

/s/Jonathan M. Chalos
Jonathan M. Chalos

**BY ELECTRONIC NOTICE OR REGULAR FIRST-CLASS MAIL:**

PHILIP REED LIVELY
24109 KINGWOOD PLACE DR., #3108
KINGWOOD, TX 77339

ELOISE A. GUZMAN
8225 GULF FREEWAY
HOUSTON, TX 77017

WILLIAM E. HEITKAMP
9821 KATY FREEWAY
STE 590
HOUSTON, TX 77024